JUDGE BUCKLO
MAGISTRATE JUDGE MASON

**FILED**

**MARCH 7, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**08 C 1385**

CHRIS DEULEN; JULIE DEULEN;          )
GAIL WILCINSKI; ANNETTE SCHRAG       )
DAVID TAYLOR; LINDA STICKNEY–TAYLOR;)
and DIANE KALUSNIAK                   )
              Plaintiffs,          )
                         )
    v.                    )    No.
                         )
NATIONAL RAILROAD PASSENGER           )
CORPORATION d/b/a AMTRAK and          )    **LCW**
NORFOLK SOUTHERN RAILWAY              )
COMPANY, a corporation, LOUIS T. BURKE, III; )
and LYNN HALBERSTADT,                  )
                         )
            Defendants.          )

## COMPLAINT

NOW COMES Plaintiffs, CHRIS DEULEN, JULIE DEULEN, GAIL WILCINSKI, ANNETTE SCHRAG, DAVID TAYLOR, LINDA STICKNEY–TAYLOR and DIANE KALUSNIAK, by and through their attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK (hereinafter "AMTRAK"), NORFOLK SOUTHERN RAILWAY COMPANY, a corporation, (hereinafter "NORFOLK"), LOUIS T. BURKE, III (hereinafter "BURKE") and LYNN HALBERSTADT (hereinafter "HALBERSTADT"), and states as follows:

## JURISDICTION

1.      The court has jurisdiction over the claims asserted herein by Plaintiffs pursuant 28 U.S.C. § 1331 and § 1349.

1

<u>VENUE</u>

2.      Venue is properly in this Court pursuant to 25 U.S.C. § 1391. All of the events that took place occurred within the County of Cook, State of Illinois.

<u>COMMON ALLEGATIONS</u>

3.      On and before November 30, 2007, Defendant, AMTRAK, was a corporation doing business as a common carrier engaged in the transportation of passengers and freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

4.      On and before November 30, 2007, Defendant, NORFOLK, was a corporation engaged in the business of transportation of freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

5.      On November 30, 2007, Defendant, AMTRAK, through its employee and/or agent Defendant, BURKE, owned, operated, managed, maintained, supervised and controlled Amtrak train number 371, originating from Grand Rapids, Michigan, and destined for Union Station in the City of Chicago, County of Cook, State of Illinois.

6.      On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 traveled on to a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control by Defendant, AMTRAK.

7.      In the alternative, on November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 traveled on to a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned,

2

operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control by Defendant, NORFOLK.

8.    On November 30, 2007, Defendant, AMTRAK, owned, maintained and controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train traffic within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

9.    In the alternative, on November 30, 2007, Defendant, NORFOLK, owned, maintained and controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train traffic within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

10.    On November 30, 2007, at approximately 11:32 a.m., Defendant, NORFOLK, owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control a certain freight train stopped on the railroad tracks within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

11.    On November 30, 2007, at approximately 11:32 a.m., Defendants, BURKE and HALBERSTADT, were operating AMRTAK Train number 371 on to a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

12.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 struck the rear of the NORFOLK's freight train stopped within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

3

COUNT I – CHRIS DEULEN – NATIONAL RAILROAD PASSENGER CORPORATION

13.     Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

14.     On November 30, 2007, Plaintiff, CHRIS DEULEN, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

15.     On November 30, 2007, Defendant, AMTRAK, through its agents and/or employees, was a common carrier and owed Plaintiff, CHRIS DEULEN, the highest duty of care.

16.     On November 30, 2007, at approximately 11:32 a.m., AMTRAK, through its agents and/or employees, were negligent in one or more of the following ways:

    a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

    b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

    c.    Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    d.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    e.    Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

4

f.   Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.   Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.   Failed to slow the train pursuant to warnings on a track signal;

i.   Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.   Operated a passenger train at a rate of speed that was greater than was reasonable;

k.   Operated the train without keeping a safe and proper lookout; and

l.   Was otherwise negligent.

17.   As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, AMTRAK, the Plaintiff, CHRIS DEULEN, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, CHRIS DEULEN, prays for judgment against Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, for a monetary sum is excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

## COUNT II – CHRIS DEULEN – LOUIS T. BURKE, III

18.   Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

19.   On November 30, 2007, Plaintiff, CHRIS DEULEN, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

20.     On November 30, 2007, AMTRAK, through its agents and/or employees, including

Defendant, BURKE, was a common carrier and owed Plaintiff, CHRIS DEULEN, the highest duty

of care.

21.     On November 30, 2007, at approximately 11:32 a.m., Defendant, BURKE, was

negligent in one or more of the following ways:

- a.     Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

- b.     Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

- c.     Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

- d.     Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

- e.     Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

- f.     Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

- g.     Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

- h.     Failed to slow the train pursuant to warnings on a track signal;

- i.     Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.    Operated a passenger train at a rate of speed that was greater than was reasonable;

k.    Operated the train without keeping a safe and proper lookout; and

l.    Was otherwise negligent.

22.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, BURKE, the Plaintiff, CHRIS DEULEN, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, CHRIS DEULEN, prays for judgment against Defendant, LOUIS T. BURKE, III, for a monetary sum is excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

## COUNT III – CHRIS DEULEN – LYNN HALBERSTADT

23.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

24.    On November 30, 2007, Plaintiff, CHRIS DEULEN, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

25.    On November 30, 2007, AMTRAK, through its agents and/or employees, including Defendant, HALBERSTADT, was a common carrier and owed Plaintiff, CHRIS DEULEN, the highest duty of care.

26.    On November 30, 2007, at approximately 11:32 a.m., Defendant, HALBERSTADT, was negligent in one or more of the following ways:

a.    Failed to maintain adequate communication between the train

7

engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.  Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.  Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.  Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.  Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.  Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.  Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.  Failed to slow the train pursuant to warnings on a track signal;

i.  Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.  Operated a passenger train at a rate of speed that was greater than was reasonable;

k.  Operated the train without keeping a safe and proper lookout; and

l.  Was otherwise negligent.

27.  As a direct and proximate result of one or more of the aforesaid negligent acts and/or

8

omissions of the Defendant, HALBERSTADT, the Plaintiff, CHRIS DEULEN, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, CHRIS DEULEN, prays for judgment against Defendant, LYNN HALBERSTADT, for a monetary sum is excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

## COUNT IV – CHRIS DEULEN – NORFOLK SOUTHERN RAILWAY COMPANY

28.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

29.    On November 30, 2007, Defendant, NORFOLK, through its agents and/or employees, owed Plaintiff, CHRIS DEULEN, a duty to exercise reasonable care.

30.    On November 30, 2007, at approximately 11:32 a.m., Defendant, NORFOLK, through its agents and/or employees, was negligent in one or more of the following ways:

    a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

    b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

    c.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    d.    Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    e.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

f.  Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

g.  Negligently stopped its freight train within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois; and

h.  Was otherwise negligent.

31.  As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, NORFOLK, the Plaintiff, CHRIS DEULEN, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, CHRIS DEULEN, prays for judgment against Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, for a monetary sum is excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

## COUNT V – JULIE DEULEN – NATIONAL RAILROAD PASSENGER CORPORATION

32.  Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

33.  On November 30, 2007, Plaintiff, JULIE DEULEN, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

34.  On November 30, 2007, Defendant, AMTRAK, through its agents and/or employees, was a common carrier and owed Plaintiff, JULIE DEULEN, the highest duty of care.

35.  On November 30, 2007, at approximately 11:32 a.m., AMTRAK, through its agents

and/or employees, were negligent in one or more of the following ways:

    a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

    b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

    c.    Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    d.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    e.    Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    f.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

    g.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

    h.    Failed to slow the train pursuant to warnings on a track signal;

    i.    Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

    j.    Operated a passenger train at a rate of speed that was greater than was reasonable;

    k.    Operated the train without keeping a safe and proper lookout; and

    l.    Was otherwise negligent.

36.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, AMTRAK, the Plaintiff, JULIE DEULEN, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, JULIE DEULEN, prays for judgment against Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, for a monetary sum is excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

### COUNT VI – JULIE DEULEN – LOUIS T. BURKE, III

37.     Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

38.     On November 30, 2007, Plaintiff, JULIE DEULEN, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

39.     On November 30, 2007, AMTRAK, through its agents and/or employees, including Defendant, BURKE, was a common carrier and owed Plaintiff, JULIE DEULEN, the highest duty of care.

40.     On November 30, 2007, at approximately 11:32 a.m., Defendant, BURKE, was negligent in one or more of the following ways:

     a.     Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

     b.     Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois

between both passenger and freight trains;

c.    Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.    Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.    Failed to slow the train pursuant to warnings on a track signal;

i.    Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.    Operated a passenger train at a rate of speed that was greater than was reasonable;

k.    Operated the train without keeping a safe and proper lookout; and

l.    Was otherwise negligent.

41.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, BURKE, the Plaintiff, JULIE DEULEN, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, JULIE DEULEN, prays for judgment against Defendant, LOUIS T. BURKE, III, for a sum is excess of the jurisdictional limit of the United States District Court for

the Northern District of Illinois, Eastern Division.

COUNT VII – JULIE DEULEN – LYNN HALBERSTADT

42.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

43.    On November 30, 2007, Plaintiff, JULIE DEULEN, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

44.    On November 30, 2007, AMTRAK, through its agents and/or employees, including Defendant, HALBERSTADT, was a common carrier and owed Plaintiff, JULIE DEULEN, the highest duty of care.

45.    On November 30, 2007, at approximately 11:32 a.m., Defendant, HALBERSTADT, was negligent in one or more of the following ways:

  a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

  b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

  c.    Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

  d.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

14

e.    Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.    Failed to slow the train pursuant to warnings on a track signal;

i.    Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.    Operated a passenger train at a rate of speed that was greater than was reasonable;

k.    Operated the train without keeping a safe and proper lookout; and

l.    Was otherwise negligent.

46.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, HALBERSTADT, the Plaintiff, JULIE DEULEN, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, JULIE DEULEN, prays for judgment against Defendant, LYNN HALBERSTADT, for a monetary sum is excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

COUNT VIII – JULIE DEULEN – NORFOLK SOUTHERN RAILWAY COMPANY

47.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

48.    On November 30, 2007, Defendant, NORFOLK, through its agents and/or employees,

owed Plaintiff, JULIE DEULEN, a duty to exercise reasonable care.

49.     On November 30, 2007, at approximately 11:32 a.m., Defendant, NORFOLK,

through its agents and/or employees, was negligent in one or more of the following ways:

    a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

    b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

    c.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    d.    Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    e.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

    f.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

    g.    Negligently stopped its freight train within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois; and

    h.    Was otherwise negligent.

50.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, NORFOLK, the Plaintiff, JULIE DEULEN, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, JULIE DEULEN, prays for judgment against Defendant,

NORFOLK SOUTHERN RAILWAY COMPANY, a corporation, for a monetary sum is excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

COUNT IX – GAIL WILCINSKI – NATIONAL RAILROAD PASSENGER CORPORATION

51.     Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

52.     On November 30, 2007, Plaintiff, GAIL WILCINSKI, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

53.     On November 30, 2007, Defendant, AMTRAK, through its agents and/or employees, including Defendant, BURKE, was a common carrier and owed Plaintiff, GAIL WILCINSKI, the highest duty of care.

54.     On November 30, 2007, at approximately 11:32 a.m., AMTRAK, through its agents and/or employees, were negligent in one or more of the following ways:

    a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

    b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

    c.    Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.  Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.  Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.  Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.  Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.  Failed to slow the train pursuant to warnings on a track signal;

i.  Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.  Operated a passenger train at a rate of speed that was greater than was reasonable;

k.  Operated the train without keeping a safe and proper lookout; and

l.  Was otherwise negligent.

55.  As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, AMTRAK, the Plaintiff, GAIL WILCINSKI, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, GAIL WILCINSKI, prays for judgment against Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, for a monetary sum is excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

### COUNT X – GAIL WILCINSKI– LOUIS T. BURKE, III

56.  Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of

Paragraphs 1 through 12.

57.    On November 30, 2007, Plaintiff, GAIL WILCINSKI, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

58.    On November 30, 2007, AMTRAK, through its agents and/or employees, including Defendant, BURKE, was a common carrier and owed Plaintiff, GAIL WILCINSKI, the highest duty of care.

59.    On November 30, 2007, at approximately 11:32 a.m., Defendant, BURKE, was negligent in one or more of the following ways:

a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.    Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.    Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

19

g.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.    Failed to slow the train pursuant to warnings on a track signal;

i.    Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.    Operated a passenger train at a rate of speed that was greater than was reasonable;

k.    Operated the train without keeping a safe and proper lookout; and

l.    Was otherwise negligent.

60.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, BURKE, the Plaintiff, GAIL WILCINSKI, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, GAIL WILCINSKI, prays for judgment against Defendant, LOUIS T. BURKE, III, for a monetary sum is excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

## COUNT XI – GAIL WILCINSKI – LYNN HALBERSTADT

61.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

62.    On November 30, 2007, Plaintiff, GAIL WILCINSKI, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

63.    On November 30, 2007, AMTRAK, through its agents and/or employees, including Defendant, HALBERSTADT, was a common carrier and owed Plaintiff, GAIL WILCINSKI, the

highest duty of care.

64.    On November 30, 2007, at approximately 11:32 a.m., Defendant, HALBERSTADT, was negligent in one or more of the following ways:

    a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

    b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

    c.    Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    d.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    e.    Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    f.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

    g.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

    h.    Failed to slow the train pursuant to warnings on a track signal;

    i.    Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

    j.    Operated a passenger train at a rate of speed that was greater than was reasonable;

k.     Operated the train without keeping a safe and proper lookout; and

l.     Was otherwise negligent.

65.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or

omissions of the Defendant, HALBERSTADT, the Plaintiff, GAIL WILCINSKI, sustained injuries

of a personal and pecuniary nature.

WHEREFORE, Plaintiff, GAIL WILCINSKI, prays for judgment against Defendant, LYNN

HALBERSTADT, for a monetary sum is excess of the jurisdictional limit of the United States

District Court for the Northern District of Illinois, Eastern Division.

COUNT XII – GAIL WILCINSKI – NORFOLK SOUTHERN RAILWAY COMPANY

66.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of

Paragraphs 1 through 12.

67.    On November 30, 2007, Defendant, NORFOLK, through its agents and/or employees,

owed Plaintiff, GAIL WILCINSKI, a duty to exercise reasonable care.

68.    On November 30, 2007, at approximately 11:32 a.m., Defendant, NORFOLK,

through its agents and/or employees, was negligent in one or more of the following ways:

a.     Failed to maintain adequate communication between the train
       engineer and railroad dispatchers, which would inform the engineer
       of the need to slow and stop the train;

b.     Failed to adequately and safely coordinate the use of the railroad
       tracks located within the freight yard at or near 52nd Street and South
       Shields Avenue, City of Chicago, County of Cook, State of Illinois
       between both passenger and freight trains;

c.     Failed to maintain its railroad tracks in a reasonably safe condition
       within the freight yard at or near 52nd Street and South Shields
       Avenue, City of Chicago, County of Cook, State of Illinois;

22

d.  Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.  Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

f.  Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

g.  Negligently stopped its freight train within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois; and

h.  Was otherwise negligent.

69.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, NORFOLK, the Plaintiff, GAIL WILCINSKI, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, GAIL WILCINSKI, prays for judgment against Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, a corporation, for a monetary sum is excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

## COUNT XIII – ANNETTE SCHRAG – NATIONAL RAILROAD PASSENGER CORPORATION

70.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

71.    On November 30, 2007, Plaintiff, ANNETTE SCHRAG, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

72.     On November 30, 2007, Defendant, AMTRAK, through its agents and/or employees,

was a common carrier and owed Plaintiff, ANNETTE SCHRAG, the highest duty of care.

73.     On November 30, 2007, at approximately 11:32 a.m., AMTRAK, through its agents

and/or employees, were negligent in one or more of the following ways:

a.     Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.     Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.     Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.     Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.     Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.     Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.     Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.     Failed to slow the train pursuant to warnings on a track signal;

i.     Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.     Operated a passenger train at a rate of speed that was greater than was

reasonable;

k.    Operated the train without keeping a safe and proper lookout; and

l.    Was otherwise negligent.

74.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, AMTRAK, the Plaintiff, ANNETTE SCHRAG, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, ANNETTE SCHRAG, prays for judgment against Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, for a monetary sum is excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

## COUNT XIV– ANNETTE SCHRAG – LOUIS T. BURKE, III

75.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

76.    On November 30, 2007, Plaintiff, ANNETTE SCHRAG, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

77.    On November 30, 2007, AMTRAK, through its agents and/or employees, including Defendant, BURKE, was a common carrier and owed Plaintiff, ANNETTE SCHRAG, the highest duty of care.

78.    On November 30, 2007, at approximately 11:32 a.m., Defendant, BURKE, was negligent in one or more of the following ways:

a.    Failed to maintain adequate communication between the train

engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.      Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.      Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.      Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.      Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.      Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.      Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.      Failed to slow the train pursuant to warnings on a track signal;

i.      Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.      Operated a passenger train at a rate of speed that was greater than was reasonable;

k.      Operated the train without keeping a safe and proper lookout; and

l.      Was otherwise negligent.

79.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or

omissions of the Defendant, BURKE, the Plaintiff, ANNETTE SCHRAG, sustained injuries of a

personal and pecuniary nature.

WHEREFORE, Plaintiff, ANNETTE SCHRAG, prays for judgment against Defendant, LOUIS T. BURKE, III, for a monetary sum is excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

<u>COUNT XV – ANNETTE SCHRAG – LYNN HALBERSTADT</u>

80.     Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

81.     On November 30, 2007, Plaintiff, ANNETTE SCHRAG, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

82.     On November 30, 2007, AMTRAK, through its agents and/or employees, including Defendant, HALBERSTADT, was a common carrier and owed Plaintiff, ANNETTE SCHRAG, the highest duty of care.

83.     On November 30, 2007, at approximately 11:32 a.m., Defendant, HALBERSTADT, was negligent in one or more of the following ways:

    a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

    b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

    c.    Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of

Cook, State of Illinois;

d.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.    Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.    Failed to slow the train pursuant to warnings on a track signal;

i.    Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.    Operated a passenger train at a rate of speed that was greater than was reasonable;

k.    Operated the train without keeping a safe and proper lookout; and

l.    Was otherwise negligent.

84.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, HALBERSTADT, the Plaintiff, ANNETTE SCHRAG, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, ANNETTE SCHRAG, prays for judgment against Defendant, LYNN HALBERSTADT, for a monetary sum is excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

## COUNT VIII – ANNETTE SCHRAG – NORFOLK SOUTHERN RAILWAY COMPANY

85.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of

Paragraphs 1 through 12.

86.    On November 30, 2007, Defendant, NORFOLK, through its agents and/or employees,

owed Plaintiff, ANNETTE SCHRAG, a duty to exercise reasonable care.

87.    On November 30, 2007, at approximately 11:32 a.m., Defendant, NORFOLK,

through its agents and/or employees, was negligent in one or more of the following ways:

      a.     Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

      b.     Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

      c.     Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

      d.     Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

      e.     Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

      f.     Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

      g.     Negligently stopped its freight train within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois; and

      h.     Was otherwise negligent.

88.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or

omissions of the Defendant, NORFOLK, the Plaintiff, ANNETTE SCHRAG, sustained injuries of

a personal and pecuniary nature.

WHEREFORE, Plaintiff, ANNETTE SCHRAG, prays for judgment against Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, a corporation, for a monetary sum is excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

## COUNT XVI – DAVID TAYLOR – NATIONAL RAILROAD PASSENGER CORPORATION

89.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

90.    On November 30, 2007, Plaintiff, DAVID TAYLOR, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

91.    On November 30, 2007, Defendant, AMTRAK, through its agents and/or employees, including Defendant, BURKE, was a common carrier and owed Plaintiff, DAVID TAYLOR, the highest duty of care.

92.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK, through its agents and/or employees, were negligent in one or more of the following ways:

　　　a.　　Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

　　　b.　　Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

　　　c.　　Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been

stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.      Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.      Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.      Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.      Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.      Failed to slow the train pursuant to warnings on a track signal;

i.      Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.      Operated a passenger train at a rate of speed that was greater than was reasonable;

k.      Operated the train without keeping a safe and proper lookout; and

l.      Was otherwise negligent.

93.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, AMTRAK, the Plaintiff, DAVID TAYLOR, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, DAVID TAYLOR, prays for judgment against Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, for a monetary sum is excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

<u>COUNT XVI – DAVID TAYLOR – LOUIS T. BURKE, III</u>

94.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

95.    On November 30, 2007, Plaintiff, DAVID TAYLOR, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

96.    On November 30, 2007, AMTRAK, through its agents and/or employees, including Defendant, BURKE, was a common carrier and owed Plaintiff, DAVID TAYLOR, the highest duty of care.

97.    On November 30, 2007, at approximately 11:32 a.m., Defendant, BURKE, was negligent in one or more of the following ways:

    a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

    b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

    c.    Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    d.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    e.    Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of

Chicago, County of Cook, State of Illinois;

f.      Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.      Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.      Failed to slow the train pursuant to warnings on a track signal;

i.      Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.      Operated a passenger train at a rate of speed that was greater than was reasonable;

k.      Operated the train without keeping a safe and proper lookout; and

l.      Was otherwise negligent.

98.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, BURKE, the Plaintiff, DAVID TAYLOR, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, DAVID TAYLOR, prays for judgment against Defendant, LOUIS T. BURKE, III, for a monetary sum is excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

## COUNT XVII – DAVID TAYLOR – LYNN HALBERSTADT

99.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

100.   On November 30, 2007, Plaintiff, DAVID TAYLOR, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

101.    On November 30, 2007, AMTRAK, through its agents and/or employees, including

Defendant, HALBERSTADT, was a common carrier and owed Plaintiff, DAVID TAYLOR, the

highest duty of care.

102.    On November 30, 2007, at approximately 11:32 a.m., Defendant, HALBERSTADT,

was negligent in one or more of the following ways:

   a.    Failed to maintain adequate communication between the train
         engineer and railroad dispatchers, which would inform the engineer
         of the need to slow and stop the train;

   b.    Failed to adequately and safely coordinate the use of the railroad
         tracks located within the freight yard at or near 52nd Street and South
         Shields Avenue, City of Chicago, County of Cook, State of Illinois
         between both passenger and freight trains;

   c.    Failed to slow down its train at the aforesaid point when it knew or
         should have known that on prior occasions freight trains had been
         stopped on railroad tracks located within the freight yard at or near
         52nd Street and South Shields Avenue, City of Chicago, County of
         Cook, State of Illinois;

   d.    Failed to maintain its railroad tracks in a reasonably safe condition
         within the freight yard at or near 52nd Street and South Shields
         Avenue, City of Chicago, County of Cook, State of Illinois;

   e.    Failed to adequately maintain track signals located within the freight
         yard at or near 52nd Street and South Shields Avenue, City of
         Chicago, County of Cook, State of Illinois;

   f.    Failed to adequately train and educate its train engineers and
         operators regarding safe operation of its trains;

   g.    Failed to have a properly functioning signal system to adequately
         warn the train engineer and operator of the need to reduce speed;

   h.    Failed to slow the train pursuant to warnings on a track signal;

   i.    Failed to stop or slow the AMTRAK train number 371 to avoid a
         collision;

j.  Operated a passenger train at a rate of speed that was greater than was reasonable;

k.  Operated the train without keeping a safe and proper lookout; and

l.  Was otherwise negligent.

103.  As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, HALBERSTADT, the Plaintiff, DAVID TAYLOR, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, DAVID TAYLOR, prays for judgment against Defendant, LYNN HALBERSTADT, for a monetary sum is excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

COUNT XVIII – DAVID TAYLOR – NORFOLK SOUTHERN RAILWAY COMPANY

104.  Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

105.  On November 30, 2007, Defendant, NORFOLK, through its agents and/or employees, owed Plaintiff, DAVID TAYLOR, a duty to exercise reasonable care.

106.  On November 30, 2007, at approximately 11:32 a.m., Defendant, NORFOLK, through its agents and/or employees, was negligent in one or more of the following ways:

a.  Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.  Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.  Failed to maintain its railroad tracks in a reasonably safe condition

within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.    Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

f.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

g.    Negligently stopped its freight train within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois; and

h.    Was otherwise negligent.

107.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, NORFOLK, the Plaintiff, DAVID TAYLOR, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, DAVID TAYLOR, prays for judgment against Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, for a monetary sum is excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

<u>COUNT XIX – LINDA STICKNEY-TAYLOR – NATIONAL RAILROAD PASSENGER CORPORATION</u>

108.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

109.    On November 30, 2007, Plaintiff, LINDA STICKNEY-TAYLOR, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand

Rapids, Michigan.

100.    On November 30, 2007, Defendant, AMTRAK, through its agents and/or employees, was a common carrier and owed Plaintiff, LINDA STICKNEY-TAYLOR, the highest duty of care.

111.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK, through its agents and/or employees, were negligent in one or more of the following ways:

a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.    Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.    Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.    Failed to slow the train pursuant to warnings on a track signal;

i.    Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

> j.    Operated a passenger train at a rate of speed that was greater than was reasonable;
>
> k.    Operated the train without keeping a safe and proper lookout; and
>
> l.    Was otherwise negligent.

112.   As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, AMTRAK, the Plaintiff, LINDA STICKNEY-TAYLOR, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, LINDA STICKNEY-TAYLOR, prays for judgment against Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, for a monetary sum is excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

## COUNT XX – LINDA STICKNEY-TAYLOR– NORFOLK SOUTHERN RAILWAY COMPANY

113.   Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

114.   On November 30, 2007, Defendant, NORFOLK, through its agents and/or employees, owed Plaintiff, LINDA STICKNEY-TAYLOR, a duty to exercise reasonable care.

115.   On November 30, 2007, at approximately 11:32 a.m., Defendant, NORFOLK, through its agents and/or employees, was negligent in one or more of the following ways:

> a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;
>
> b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois

38

between both passenger and freight trains;

c.     Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.     Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.     Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

f.     Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

g.     Negligently stopped its freight train within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois; and

h.     Was otherwise negligent.

116.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, NORFOLK, the Plaintiff, LINDA STICKNEY-TAYLOR, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, LINDA STICKNEY-TAYLOR, prays for judgment against Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, a corporation, for a monetary sum is excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

## COUNT XXI – DIANE KALUSNIAK – NATIONAL RAILROAD PASSENGER CORPORATION

117.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

118.    On November 30, 2007, Plaintiff, DIANE KALUSNIAK, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

119.    On November 30, 2007, Defendant, AMTRAK, through its agents and/or employees, including Defendant, BURKE, was a common carrier and owed Plaintiff, DIANE KALUSNIAK, the highest duty of care.

120.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK, through its agents and/or employees, were negligent in one or more of the following ways:

    a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

    b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

    c.    Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    d.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    e.    Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    f.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

    g.    Failed to have a properly functioning signal system to adequately

40

warn the train engineer and operator of the need to reduce speed;

h.    Failed to slow the train pursuant to warnings on a track signal;

i.    Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.    Operated a passenger train at a rate of speed that was greater than was reasonable;

k.    Operated the train without keeping a safe and proper lookout; and

l.    Was otherwise negligent.

121.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, AMTRAK, the Plaintiff, DIANE KALUSNIAK, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, DIANE KALUSNIAK, prays for judgment against Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, for a monetary sum is excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

## COUNT XXII – DIANE KALUSNIAK – LOUIS T. BURKE, III

122.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

123.    On November 30, 2007, Plaintiff, DIANE KALUSNIAK, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

124.    On November 30, 2007, AMTRAK, through its agents and/or employees, including Defendant, BURKE, was a common carrier and owed Plaintiff, DIANE KALUSNIAK, the highest

duty of care.

125.    On November 30, 2007, at approximately 11:32 a.m., Defendant, BURKE, was

negligent in one or more of the following ways:

a.    Failed to maintain adequate communication between the train
engineer and railroad dispatchers, which would inform the engineer
of the need to slow and stop the train;

b.    Failed to adequately and safely coordinate the use of the railroad
tracks located within the freight yard at or near 52nd Street and South
Shields Avenue, City of Chicago, County of Cook, State of Illinois
between both passenger and freight trains;

c.    Failed to slow down its train at the aforesaid point when it knew or
should have known that on prior occasions freight trains had been
stopped on railroad tracks located within the freight yard at or near
52nd Street and South Shields Avenue, City of Chicago, County of
Cook, State of Illinois;

d.    Failed to maintain its railroad tracks in a reasonably safe condition
within the freight yard at or near 52nd Street and South Shields
Avenue, City of Chicago, County of Cook, State of Illinois;

e.    Failed to adequately maintain track signals located within the freight
yard at or near 52nd Street and South Shields Avenue, City of
Chicago, County of Cook, State of Illinois;

f.    Failed to adequately train and educate its train engineers and
operators regarding safe operation of its trains;

g.    Failed to have a properly functioning signal system to adequately
warn the train engineer and operator of the need to reduce speed;

h.    Failed to slow the train pursuant to warnings on a track signal;

i.    Failed to stop or slow the AMTRAK train number 371 to avoid a
collision;

j.    Operated a passenger train at a rate of speed that was greater than was
reasonable;

42

k.    Operated the train without keeping a safe and proper lookout; and

l.    Was otherwise negligent.

126.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, BURKE, the Plaintiff, DIANE KALUSNIAK, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, DIANE KALUSNIAK, prays for judgment against Defendant, LOUIS T. BURKE, III, for a monetary sum is excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

## COUNT XXIII – DIANE KALUSNIAK – LYNN HALBERSTADT

127.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

128.    On November 30, 2007, Plaintiff, DIANE KALUSNIAK, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

129.    On November 30, 2007, AMTRAK, through its agents and/or employees, including Defendant, HALBERSTADT, was a common carrier and owed Plaintiff, DIANE KALUSNIAK, the highest duty of care.

130.    On November 30, 2007, at approximately 11:32 a.m., Defendant, HALBERSTADT, was negligent in one or more of the following ways:

a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.    Failed to adequately and safely coordinate the use of the railroad

tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.    Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.    Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.    Failed to slow the train pursuant to warnings on a track signal;

i.    Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.    Operated a passenger train at a rate of speed that was greater than was reasonable;

k.    Operated the train without keeping a safe and proper lookout; and

l.    Was otherwise negligent.

131.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, HALBERSTADT, the Plaintiff, DIANE KALUSNIAK, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, DIANE KALUSNIAK, prays for judgment against Defendant,

LYNN HALBERSTADT, for a monetary sum is excess of the jurisdictional limit of the United

States District Court for the Northern District of Illinois, Eastern Division. .

COUNT XXIV – DIANE KALUSNIAK– NORFOLK SOUTHERN RAILWAY COMPANY

132.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of

Paragraphs 1 through 12.

133.    On November 30, 2007, Defendant, NORFOLK, through its agents and/or employees,

owed Plaintiff, DIANE KALUSNIAK, a duty to exercise reasonable care.

134.    On November 30, 2007, at approximately 11:32 a.m., Defendant, NORFOLK,

through its agents and/or employees, was negligent in one or more of the following ways:

      a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

      b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

      c.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

      d.    Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

      e.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

      f.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

      g.    Negligently stopped its freight train within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of

Cook, State of Illinois; and

h.      Was otherwise negligent.

135.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, NORFOLK, the Plaintiff, DIANE KALUSNIAK, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, DIANE KALUSNIAK, prays for judgment against Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, a corporation, for a monetary sum is excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38 Plaintiffs request that their claims in this action be decided by a jury.

Respectfully submitted,

Attorney for Plaintiffs

Robert A. Clifford
Sean P. Driscoll
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, 31st Floor
Chicago, Illinois 60602
(312) 899-9090
A.R.D.C. No. 6288120