IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| CHRIS DEULEN; JULIE DEULEN;<br>GAIL WILCINSKI; ANNETTE SCHRAG;<br>DAVID TAYLOR; LINDA STICKNEY-TAYLOR;<br>and DIANE KALUSNIAK, | )<br>)<br>)<br>) | |
| | ) | |
| Plaintiffs, | )<br>) | |
| | ) | |
| v. | )<br>) | No.:   08 C 1385<br>Judge Rebecca Pallmeyer |
| | ) | |
| NATIONAL RAILROAD PASSENGER<br>CORPORATION, d/b/a AMTRAK and<br>NORFOLK SOUTHERN RAILWAY<br>COMPANY, a corporation, LOUIS T. BURKE, III;<br>and LYNN HALBERSTADT, | )<br>)<br>)<br>)<br>) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT NORFOLK SOUTHERN RAILWAY COMPANY'S
ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AT LAW**

NOW COMES Defendant, NORFOLK SOUTHERN RAILWAY COMPANY

("NORFOLK SOUTHERN"), by its attorneys, Anderson, Rasor & Partners, LLP, and for her

Answer and Affirmative Defenses to Plaintiffs' Complaint at Law states as follows:

**JURISDICTION**

1.      The Court has jurisdiction over the claims asserted herein by Plaintiffs pursuant to

28 U.S.C. § 1331 and § 1349.

**ANSWER:**    Admitted.

**VENUE**

2.      Venue is properly in this Court pursuant to 25 U.S.C. § 1391.  All of the events

that took place occurred within the County of Cook, State of Illinois.

**ANSWER:**    Admits that Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### COMMON ALLEGATIONS

3.     On and before November 30, 2007, Defendant, AMTRAK, was a corporation doing business as a common carrier engaged in the transportation of passengers and freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**     Defendant admits that Amtrak was a common carrier engaged in the transportation of passengers doing business in the state of Illinois, City of Chicago, County of Cook, but denies the remaining allegations of this paragraph.

4.     On and before November 30, 2007, NORFOLK SOUTHERN RAILWAY COMPANY was a corporation engaged in the business of transportation of freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**     Admitted.

5.     On and before November 30, 2007, Defendant, AMTRAK, through its employee and/or agent Defendant BURKE, owned, operated, managed, maintained, supervised and controlled Amtrak train number 371, originating from Grand Rapids, Michigan and destined for Union Station in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**     Defendant admits that on November 30, 2007, that Defendant Burke operated Amtrak train number 371, originating in Grand Rapids, Michigan, destined for Chicago, Illinois, and admits that said train was owned, operated, maintained and supervised by Amtrak, but denies the remaining allegations of this complaint as legal conclusions of the pleader.

6.     On November 30, 2007, at approximately 11:32 a.m., AMTRAK train number 371 traveled on a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned,

operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control by Defendant, AMTRAK.

**ANSWER:**    Defendant admits that on November 30, 2007, at approximately 11:32 a.m., Amtrak train number 371 was traveling along a railroad track located near 52nd Street and South Shields Avenue in the City of Chicago, but denies the remaining allegations of this paragraph.

7.    In the alternative, on November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 traveled on to a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control by Defendant, NORFOLK.

**ANSWER:**    Defendant admits that on November 30, 2007, at approximately 11:32 a.m., Amtrak Train number 371 traveled on to a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned and maintained by Defendant, Norfolk Southern, but denies the remaining allegations as legal conclusions of the pleader.

8.    On November 30, 2007, Defendant AMTRAK, owned, maintained and controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train traffic within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Defendant denies the allegations of this paragraph.

9.    In the alternative, on November 30, 2007, Defendant, NORFOLK, owned,

maintained and controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train traffic within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:** Defendant admits that it owned, maintained and operated certain track signals within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, but denies the remaining allegations in this paragraph as legal conclusions of the pleader.

10.    On November 30, 2007, at approximately 11:32 a.m. NORFOLK owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control a certain freight train stopped on the railroad tracks within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:** Defendant admits that it operated and supervised the movements of a freight train, portions of which it owned and maintained, which was stopped on railroad tracks located at or near 52nd Street and South Shields Avene in the City of Chicago, but denies the remaining allegations of this paragraph.

11.    On November 30, 2007, at approximately 11:32 a.m., Defendants, BURKE and HALBERSTADT, were operating AMTRAK Train number 371 on to a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:** Admitted.

12.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK train number

371 struck the rear of the NORFOLK SOUTHERN's freight train stopped within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Admitted.

## COUNT I
## CHRIS DEULEN – NATIONAL RAILROAD PASSENGER CORPORATION

13.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

**ANSWER:**    Defendant reasserts and re-allege, as if fully set forth herein, the Answers to Paragraphs 1 through 12.

14.    On November 30, 2007, Plaintiff, CHRIS DEULEN, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

**ANSWER:**    Admitted.

15.    On November 30, 2007, Defendant AMTRAK, through its duly authorized agents and employees, was a common carrier and owed Plaintiff, CHRIS DEULEN the highest duty of care.

**ANSWER:**    Defendant admits that Amtrak was a common carrier but admits only to those duties imposed by law and denies the allegations of this paragraph as legal conclusions of the pleader.

16.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK, through its duly authorized agents and employees, was negligent in one or more of the following ways:

a.   Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.   Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.   Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.   Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.   Failed to adequately maintain tracks signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.   Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.   Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.   Failed to slow the train pursuant to warnings on a track signal;

i.   Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.   Operated a passenger train at a rate of speed that was greater than was reasonable;

k.   Operated the train without keeping a safe and proper lookout; and

l.   Was otherwise negligent.

**ANSWER:**    Defendant denies the allegations of this paragraph.

17.    As a direct and proximate result of one or more of the aforesaid negligent acts

and/or omissions of the Defendant, AMTRAK, the Plaintiff, CHRIS DEULEN, sustained injuries

-6-

of a personal and pecuniary nature.

**ANSWER:**    Defendant denies the allegations of this paragraph.

WHEREFORE, Defendant, NORFOLK SOUTHERN, prays for the entry of an Order

dismissing Plaintiffs' Complaint with prejudice inasmuch as plaintiffs are entitled to no recovery

from this defendant.

### COUNT II – CHRIS DEULEN – LOUIS T. BURKE, III

18.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of

Paragraphs 1 through 12.

**ANSWER:**    Defendant reasserts and re-allege, as if fully set forth herein, the Answers

to Paragraphs 1 through 12.

19.    On November 30, 2007, Plaintiff, CHRIS DEULEN, was a paying passenger and

boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids,

Michigan.

**ANSWER:**    Admitted.

20.    On November 30, 2007, Defendant AMTRAK, through its duty authorized agents

and employees, including Defendant, BURKE, was a common carrier and owed Plaintiff, CHRIS

DEULEN the highest duty of care.

**ANSWER:**    Defendant admits that Amtrak was a common carrier but admits only to

those duties imposed by law and denies the allegations of this paragraph as legal conclusions of

the pleader.

21.    On November 30, 2007, at approximately 11:32 a.m., Defendant, BURKE, was

negligent in one or more of the following ways:

a.  Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.  Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.  Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.  Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.  Failed to adequately maintain tracks signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.  Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.  Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.  Failed to slow the train pursuant to warnings on a track signal;

i.  Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.  Operated a passenger train at a rate of speed that was greater than was reasonable;

k.  Operated the train without keeping a safe and proper lookout; and

l.  Was otherwise negligent.

**ANSWER:**     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, can neither admit nor deny same.

22.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, BURKE, the Plaintiff, CHRIS DEULEN, sustained injuries of a personal and pecuniary nature.

**ANSWER:**    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, can neither admit nor deny same.

WHEREFORE, Defendant, NORFOLK SOUTHERN, prays for the entry of an Order dismissing Plaintiffs' Complaint with prejudice inasmuch as plaintiffs are entitled to no recovery from this defendant.

## COUNT III – CHRIS DEULEN – LYNN HALBERSTADT

23.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

**ANSWER:**    Defendant reasserts and re-alleges, as if fully set forth herein, the Answers to Paragraphs 1 through 12.

24.    On November 30, 2007, Plaintiff, CHRIS DEULEN, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

**ANSWER:**    Admitted.

25.    On November 30, 2007, Defendant AMTRAK, through its duty authorized agents and employees, including Defendant, HALBERSTADT, was a common carrier and owed Plaintiff, CHRIS DEULEN the highest duty of care.

**ANSWER:**    Defendant admits that Amtrak was a common carrier but admits only to

those duties imposed by law and denies the allegations of this paragraph as legal conclusions of

the pleader.

26.    On November 30, 2007, at approximately 11:32 a.m., Defendant,

HALBERSTADT, was negligent in one or more of the following ways:

a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.    Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.    Failed to adequately maintain tracks signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.    Failed to slow the train pursuant to warnings on a track signal;

i.    Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.    Operated a passenger train at a rate of speed that was greater than was reasonable;

k.    Operated the train without keeping a safe and proper lookout; and

-10-

l.     Was otherwise negligent.

**ANSWER:**     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, can neither admit nor deny same.

27.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, HALBERSTADT, the Plaintiff, CHRIS DEULEN, sustained injuries of a personal and pecuniary nature.

**ANSWER:**     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, can neither admit nor deny same.

WHEREFORE, Defendant, NORFOLK SOUTHERN, prays for the entry of an Order dismissing Plaintiffs' Complaint with prejudice inasmuch as plaintiffs are entitled to no recovery from this defendant.

### COUNT IV – CHRIS DEULEN – NORFOLK SOUTHERN RAILWAY COMPANY

28.     Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

**ANSWER:**     Defendant reasserts and re-allege, as if fully set forth herein, the Answers to Paragraphs 1 through 12.

29.     On November 30, 2007, Defendant, NORFOLK, through its agents and/or employees, owed Plaintiff, CHRIS DEULEN, a duty to exercise reasonable care.

**ANSWER:**     Defendant admits only that it owed those duties imposed by law.

30.     On November 30, 2007, at approximately 11:32 a.m., Defendant NORFOLK,

through its duly authorized agents and employees, was negligent in one or more of the following ways:

a.   Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.   Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.   Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.   Failed to adequately maintain tracks signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.   Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

f.   Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

g.   Negligently stopped its freight train within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois; and

h.   Was otherwise negligent.

**ANSWER:**   Defendant denies the allegations of this paragraph.

11.   As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, NORFOLK, the Plaintiff CHRIS DEULEN, sustained injuries of a personal and pecuniary nature.

**ANSWER:**   Defendant denies the allegations of this paragraph.

WHEREFORE, Defendant, NORFOLK SOUTHERN, prays for the entry of an Order

dismissing Plaintiffs' Complaint with prejudice inasmuch as plaintiffs are entitled to no recovery from this defendant.

## COUNT V
## JULIE DEULEN – NATIONAL RAILROAD PASSENGER CORPORATION

32.     Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

**ANSWER:**    Defendant reasserts and re-allege, as if fully set forth herein, the Answers to Paragraphs 1 through 12.

33.     On November 30, 2007, Plaintiff, JULIE DEULEN, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

**ANSWER:**    Admitted.

34.     On November 30, 2007, Defendant AMTRAK, through its duty authorized agents and employees, was a common carrier and owed Plaintiff, JULIE DEULEN the highest duty of care.

**ANSWER:**    Defendant admits that Amtrak was a common carrier but admits only to those duties imposed by law and denies the allegations of this paragraph as legal conclusions of the pleader.

35.     On November 30, 2007, at approximately 11:32 a.m., AMTRAK, through its duly authorized agents and employees, was negligent in one or more of the following ways:

    a.     Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

-13-

b.   Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.   Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.   Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.   Failed to adequately maintain tracks signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.   Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.   Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.   Failed to slow the train pursuant to warnings on a track signal;

i.   Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.   Operated a passenger train at a rate of speed that was greater than was reasonable;

k.   Operated the train without keeping a safe and proper lookout; and

l.   Was otherwise negligent.

**ANSWER:**   Defendant denies the allegations of this paragraph.

36.   As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, AMTRAK, the Plaintiff, JULIE DEULEN, sustained injuries of a personal and pecuniary nature.

**ANSWER:**   Defendant denies the allegations of this paragraph.

-14-

WHEREFORE, Defendant, NORFOLK SOUTHERN, prays for the entry of an Order dismissing Plaintiffs' Complaint with prejudice inasmuch as plaintiffs are entitled to no recovery from this defendant.

### COUNT VI – JULIE DEULEN – LOUIS T. BURKE, III

37.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

**ANSWER:**    Defendant reasserts and re-allege, as if fully set forth herein, the Answers to Paragraphs 1 through 12.

38.    On November 30, 2007, Plaintiff, JULIE DEULEN, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

**ANSWER:**    Admitted.

39.    On November 30, 2007, Defendant AMTRAK, through its duty authorized agents and employees, including Defendant, BURKE, was a common carrier and owed Plaintiff, JULIE DEULEN the highest duty of care.

**ANSWER:**    Defendant admits that Amtrak was a common carrier but admits only to those duties imposed by law and denies the allegations of this paragraph as legal conclusions of the pleader.

40.    On November 30, 2007, at approximately 11:32 a.m., Defendant, BURKE, was negligent in one or more of the following ways:

a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

-15-

b.     Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.     Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.     Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.     Failed to adequately maintain tracks signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.     Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.     Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.     Failed to slow the train pursuant to warnings on a track signal;

i.     Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.     Operated a passenger train at a rate of speed that was greater than was reasonable;

k.     Operated the train without keeping a safe and proper lookout; and

l.     Was otherwise negligent.

**ANSWER:**     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, can neither admit nor deny same.

41.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, BURKE, the Plaintiff, JULIE DEULEN, sustained injuries of

-16-

a personal and pecuniary nature.

**ANSWER:**    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, can neither admit nor deny same.

WHEREFORE, Defendant, NORFOLK SOUTHERN, prays for the entry of an Order dismissing Plaintiffs' Complaint with prejudice inasmuch as plaintiffs are entitled to no recovery from this defendant.

<u>**COUNT VII – JULIE DEULEN – LYNN HALBERSTADT**</u>

42.    Plaintiff reasserts and re-alleges, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

**ANSWER:**    Defendant reasserts and re-allege, as if fully set forth herein, the Answers to Paragraphs 1 through 12.

43.    On November 30, 2007, Plaintiff, JULIE DEULEN, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

**ANSWER:**    Admitted.

44.    On November 30, 2007, Defendant AMTRAK, through its duty authorized agents and employees, including Defendant, HALBERSTADT, was a common carrier and owed Plaintiff, JULIE DEULEN the highest duty of care.

**ANSWER:**    Defendant admits that Amtrak was a common carrier but admits only to those duties imposed by law and denies the allegations of this paragraph as legal conclusions of the pleader.

-17-

45.    On November 30, 2007, at approximately 11:32 a.m., Defendant,

HALBERSTADT, was negligent in one or more of the following ways:

a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.    Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.    Failed to adequately maintain tracks signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.    Failed to slow the train pursuant to warnings on a track signal;

i.    Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.    Operated a passenger train at a rate of speed that was greater than was reasonable;

k.    Operated the train without keeping a safe and proper lookout; and

l.    Was otherwise negligent.

**ANSWER:**    Defendant lacks sufficient knowledge or information to form a belief as to

-18-

the truth of the allegations contained in this paragraph and accordingly, can neither admit nor deny same.

46.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, HALBERSTADT, the Plaintiff, JULIE DEULEN, sustained injuries of a personal and pecuniary nature.

**ANSWER:**    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, can neither admit nor deny same.

WHEREFORE, Defendant, NORFOLK SOUTHERN, prays for the entry of an Order dismissing Plaintiffs' Complaint with prejudice inasmuch as plaintiffs are entitled to no recovery from this defendant.

## COUNT VIII – JULIE DEULEN – NORFOLK SOUTHERN RAILWAY COMPANY

47.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

**ANSWER:**    Defendant reasserts and re-allege, as if fully set forth herein, the Answers to Paragraphs 1 through 12.

48.    On November 30, 2007, Defendant, NORFOLK, through its agents and/or employees, owed Plaintiff, JULIE DEULEN, a duty to exercise reasonable care.

**ANSWER:**    Defendant admits only that it owed those duties imposed by law.

49.    On November 30, 2007, at approximately 11:32 a.m., Defendant NORFOLK, through its duly authorized agents and employees, was negligent in one or more of the following ways:

a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.    Failed to adequately maintain tracks signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

f.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

g.    Negligently stopped its freight train within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois; and

h.    Was otherwise negligent.

**ANSWER:**    Defendant denies the allegations of this paragraph.

50.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, NORFOLK, the Plaintiff JULIE DEULEN, sustained injuries of a personal and pecuniary nature.

**ANSWER:**    Defendant denies the allegations of this paragraph.

WHEREFORE, Defendant, NORFOLK SOUTHERN, prays for the entry of an Order dismissing Plaintiffs' Complaint with prejudice inasmuch as plaintiffs are entitled to no recovery from this defendant.

-20-

## COUNT IX
## <u>GAIL WILCINSKI – NATIONAL RAILROAD PASSENGER CORPORATION</u>

51.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of

Paragraphs 1 through 12.

**ANSWER:**    Defendant reasserts and re-allege, as if fully set forth herein, the Answers

to Paragraphs 1 through 12.

52.    On November 30, 2007, Plaintiff, GAIL WILCINSKI, was a paying passenger and

boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids,

Michigan.

**ANSWER:**    Admitted.

53.    On November 30, 2007, Defendant AMTRAK, through its duty authorized agents

and employees, including Defendant, BURKE, was a common carrier and owed Plaintiff, GAIL

WILCINSKI the highest duty of care.

**ANSWER:**    Defendant admits that Amtrak was a common carrier but admits only to

those duties imposed by law and denies the allegations of this paragraph as legal conclusions of

the pleader.

54.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK, through its duly

authorized agents and employees, was negligent in one or more of the following ways:

a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

-21-

c.    Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.    Failed to adequately maintain tracks signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.    Failed to slow the train pursuant to warnings on a track signal;

i.    Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.    Operated a passenger train at a rate of speed that was greater than was reasonable;

k.    Operated the train without keeping a safe and proper lookout; and

l.    Was otherwise negligent.

**ANSWER:**    Defendant denies the allegations of this paragraph.

55.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, AMTRAK, the Plaintiff, GAIL WILCINSKI, sustained injuries of a personal and pecuniary nature.

**ANSWER:**    Defendant denies the allegations of this paragraph.

WHEREFORE, Defendant, NORFOLK SOUTHERN, prays for the entry of an Order dismissing Plaintiffs' Complaint with prejudice inasmuch as plaintiffs are entitled to no recovery

from this defendant.

<u>**COUNT X – GAIL WILCINSKI – LOUIS T. BURKE, III**</u>

56.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of

Paragraphs 1 through 12.

**ANSWER:**    Defendant reasserts and re-allege, as if fully set forth herein, the Answers

to Paragraphs 1 through 12.

57.    On November 30, 2007, Plaintiff, GAIL WILCINSKI, was a paying passenger and

boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids,

Michigan.

**ANSWER:**    Admitted.

58.    On November 30, 2007, Defendant AMTRAK, through its duty authorized agents

and employees, including Defendant, BURKE, was a common carrier and owed Plaintiff, GAIL

WILCINSKI the highest duty of care.

**ANSWER:**    Defendant admits that Amtrak was a common carrier but admits only to

those duties imposed by law and denies the allegations of this paragraph as legal conclusions of

the pleader.

59.    On November 30, 2007, at approximately 11:32 a.m., Defendant, BURKE, was

negligent in one or more of the following ways:

a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight

-23-

trains;

c.　Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.　Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.　Failed to adequately maintain tracks signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.　Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.　Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.　Failed to slow the train pursuant to warnings on a track signal;

i.　Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.　Operated a passenger train at a rate of speed that was greater than was reasonable;

k.　Operated the train without keeping a safe and proper lookout; and

l.　Was otherwise negligent.

**ANSWER:**　Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, can neither admit nor deny same.

60.　As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, BURKE, the Plaintiff, GAIL WILCINSKI, sustained injuries of a personal and pecuniary nature.

**ANSWER:**    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, can neither admit nor deny same.

WHEREFORE, Defendant, NORFOLK SOUTHERN, prays for the entry of an Order dismissing Plaintiffs' Complaint with prejudice inasmuch as plaintiffs are entitled to no recovery from this defendant.

## COUNT XI – GAIL WILCINSKI – LYNN HALBERSTADT

61.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

**ANSWER:**    Defendant reasserts and re-allege, as if fully set forth herein, the Answers to Paragraphs 1 through 12.

62.    On November 30, 2007, Plaintiff, GAIL WILCINSKI, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

**ANSWER:**    Admitted.

63.    On November 30, 2007, Defendant AMTRAK, through its duty authorized agents and employees, including Defendant, HALBERSTADT, was a common carrier and owed Plaintiff, GAIL WILCINSKI the highest duty of care.

**ANSWER:**    Defendant admits that Amtrak was a common carrier but admits only to those duties imposed by law and denies the allegations of this paragraph as legal conclusions of the pleader.

64.    On November 30, 2007, at approximately 11:32 a.m., Defendant,

HALBERSTADT, was negligent in one or more of the following ways:

a.  Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.  Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.  Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.  Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.  Failed to adequately maintain tracks signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.  Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.  Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.  Failed to slow the train pursuant to warnings on a track signal;

i.  Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.  Operated a passenger train at a rate of speed that was greater than was reasonable;

k.  Operated the train without keeping a safe and proper lookout; and

l.  Was otherwise negligent.

**ANSWER:**    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, can neither admit nor

-26-

deny same.

65.     As a direct and proximate result of one or more of the aforesaid negligent acts

and/or omissions of the Defendant, HALBERSTADT, the Plaintiff, GAIL WILCINSKI,

sustained injuries of a personal and pecuniary nature.

**ANSWER:**   Defendant lacks sufficient knowledge or information to form a belief as to

the truth of the allegations contained in this paragraph and accordingly, can neither admit nor

deny same.

WHEREFORE, Defendant, NORFOLK SOUTHERN, prays for the entry of an Order

dismissing Plaintiffs' Complaint with prejudice inasmuch as plaintiffs are entitled to no recovery

from this defendant.

## COUNT XII – GAIL WILCINSKI – NORFOLK SOUTHERN RAILWAY COMPANY

66.     Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of

Paragraphs 1 through 12.

**ANSWER:**   Defendant reasserts and re-alleges, as if fully set forth herein, the Answers

to Paragraphs 1 through 12.

67.     On November 30, 2007, Defendant, NORFOLK, through its agents and/or

employees, owed Plaintiff, GAIL WILCINSKI, a duty to exercise reasonable care.

**ANSWER:**   Defendant admits only that it owed those duties imposed by law.

68.     On November 30, 2007, at approximately 11:32 a.m., Defendant NORFOLK,

through its duly authorized agents and employees, was negligent in one or more of the following

ways:

a.     Failed to maintain adequate communication between the train engineer and

-27-

railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.  Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.  Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.  Failed to adequately maintain tracks signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.  Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

f.  Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

g.  Negligently stopped its freight train within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois; and

h.  Was otherwise negligent.

**ANSWER:**    Defendant denies the allegations of this paragraph.

69.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, NORFOLK, the Plaintiff GAIL WILCINSKI, sustained injuries of a personal and pecuniary nature.

**ANSWER:**    Defendant denies the allegations of this paragraph.

WHEREFORE, Defendant, NORFOLK SOUTHERN, prays for the entry of an Order dismissing Plaintiffs' Complaint with prejudice inasmuch as plaintiffs are entitled to no recovery from this defendant.

## COUNT XIII
## ANNETTE SCHRAG – NATIONAL RAILROAD PASSENGER CORPORATION

70.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

**ANSWER:**    Defendant reasserts and re-allege, as if fully set forth herein, the Answers to Paragraphs 1 through 12.

71.    On November 30, 2007, Plaintiff, ANNETTE SCHRAG, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

**ANSWER:**    Admitted.

72.    On November 30, 2007, Defendant AMTRAK, through its duty authorized agents and employees, was a common carrier and owed Plaintiff, ANNETTE SCHRAG the highest duty of care.

**ANSWER:**    Defendant admits that Amtrak was a common carrier but admits only to those duties imposed by law and denies the allegations of this paragraph as legal conclusions of the pleader.

73.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK, through its duly authorized agents and employees, was negligent in one or more of the following ways:

a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

-29-

c.      Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.      Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.      Failed to adequately maintain tracks signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.      Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.      Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.      Failed to slow the train pursuant to warnings on a track signal;

i.      Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.      Operated a passenger train at a rate of speed that was greater than was reasonable;

k.      Operated the train without keeping a safe and proper lookout; and

l.      Was otherwise negligent.

**ANSWER:**    Defendant denies the allegations of this paragraph.

74.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, AMTRAK, the Plaintiff, ANNETTE SCHRAG, sustained injuries of a personal and pecuniary nature.

**ANSWER:**    Defendant denies the allegations of this paragraph.

WHEREFORE, Defendant, NORFOLK SOUTHERN, prays for the entry of an Order dismissing Plaintiffs' Complaint with prejudice inasmuch as plaintiffs are entitled to no recovery

from this defendant.

## COUNT XIV – ANNETTE SCHRAG – LOUIS T. BURKE, III

75.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

**ANSWER:**    Defendant reasserts and re-allege, as if fully set forth herein, the Answers to Paragraphs 1 through 12.

76.    On November 30, 2007, Plaintiff, ANNETTE SCHRAG, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

**ANSWER:**    Admitted.

77.    On November 30, 2007, Defendant AMTRAK, through its duty authorized agents and employees, including Defendant, BURKE, was a common carrier and owed Plaintiff, ANNETTE SCHRAG the highest duty of care.

**ANSWER:**    Defendant admits that Amtrak was a common carrier but admits only to those duties imposed by law and denies the allegations of this paragraph as legal conclusions of the pleader.

78.    On November 30, 2007, at approximately 11:32 a.m., Defendant, BURKE, was negligent in one or more of the following ways:

a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight

trains;

c.  Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.  Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.  Failed to adequately maintain tracks signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.  Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.  Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.  Failed to slow the train pursuant to warnings on a track signal;

i.  Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.  Operated a passenger train at a rate of speed that was greater than was reasonable;

k.  Operated the train without keeping a safe and proper lookout; and

l.  Was otherwise negligent.

**ANSWER:**   Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, can neither admit nor deny same.

79.   As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, BURKE, the Plaintiff, ANNETTE SCHRAG, sustained injuries of a personal and pecuniary nature.

**ANSWER:**    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, can neither admit nor deny same.

WHEREFORE, Defendant, NORFOLK SOUTHERN, prays for the entry of an Order dismissing Plaintiffs' Complaint with prejudice inasmuch as plaintiffs are entitled to no recovery from this defendant.

## COUNT XV – ANNETTE SCHRAG – LYNN HALBERSTADT

80.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

**ANSWER:**    Defendant reasserts and re-allege, as if fully set forth herein, the Answers to Paragraphs 1 through 12.

81.    On November 30, 2007, Plaintiff, ANNETTE SCHRAG, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

**ANSWER:**    Admitted.

82.    On November 30, 2007, Defendant AMTRAK, through its duty authorized agents and employees, including Defendant, HALBERSTADT, was a common carrier and owed Plaintiff, ANNETTE SCHRAG the highest duty of care.

**ANSWER:**    Defendant admits that Amtrak was a common carrier but admits only to those duties imposed by law and denies the allegations of this paragraph as legal conclusions of the pleader.

83.    On November 30, 2007, at approximately 11:32 a.m., Defendant,

HALBERSTADT, was negligent in one or more of the following ways:

a.  Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.  Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.  Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard  at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.  Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard  at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.  Failed to adequately maintain tracks signals located within the freight yard  at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.  Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.  Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.  Failed to slow the train pursuant to warnings on a track signal;

i.  Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.  Operated a passenger train at a rate of speed that was greater than was reasonable;

k.  Operated the train without keeping a safe and proper lookout; and

l.  Was otherwise negligent.

**ANSWER:**    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, can neither admit nor

deny same.

84.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, HALBERSTADT, the Plaintiff, ANNETTE SCHRAG, sustained injuries of a personal and pecuniary nature.

**ANSWER:**   Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, can neither admit nor deny same.

WHEREFORE, Defendant, NORFOLK SOUTHERN, prays for the entry of an Order dismissing Plaintiffs' Complaint with prejudice inasmuch as plaintiffs are entitled to no recovery from this defendant.

## COUNT VIII – ANNETTE SCHRAG – NORFOLK SOUTHERN RAILWAY COMPANY

85.     Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

**ANSWER:**   Defendant reasserts and re-allege, as if fully set forth here in Count XVI, incorrectly numbered as Count VIII, the Answers to Paragraphs 1 through 12.

86.     On November 30, 2007, Defendant, NORFOLK, through its agents and/or employees, owed Plaintiff, ANNETTE SCHRAG, a duty to exercise reasonable care.

**ANSWER:**   Defendant admits only that it owed those duties imposed by law.

87.     On November 30, 2007, at approximately 11:32 a.m., Defendant NORFOLK, through its duly authorized agents and employees, was negligent in one or more of the following ways:

a.     Failed to maintain adequate communication between the train engineer and

railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.      Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.      Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.      Failed to adequately maintain tracks signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.      Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

f.      Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

g.      Negligently stopped its freight train within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois; and

h.      Was otherwise negligent.

**ANSWER:**     Defendant denies the allegations of this paragraph.

88.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, NORFOLK, the Plaintiff ANNETTE SCHRAG, sustained injuries of a personal and pecuniary nature.

**ANSWER:**     Defendant denies the allegations of this paragraph.

WHEREFORE, Defendant, NORFOLK SOUTHERN, prays for the entry of an Order dismissing Plaintiffs' Complaint with prejudice inasmuch as plaintiffs are entitled to no recovery from this defendant.

-36-

## COUNT XVI
## DAVID TAYLOR – NATIONAL RAILROAD PASSENGER CORPORATION

89.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

**ANSWER:**    Defendant reasserts and re-allege, as if fully set forth here in Count XVII, incorrectly numbered as Count XVI, the Answers to Paragraphs 1 through 12.

90.    On November 30, 2007, Plaintiff, DAVID TAYLOR, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

**ANSWER:**    Admitted.

91.    On November 30, 2007, Defendant AMTRAK, through its duty authorized agents and employees, was a common carrier and owed Plaintiff, DAVID TAYLOR the highest duty of care.

**ANSWER:**    Defendant admits that Amtrak was a common carrier but admits only to those duties imposed by law and denies the allegations of this paragraph as legal conclusions of the pleader.

92.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK, through its duly authorized agents and employees, was negligent in one or more of the following ways:

a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.     Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.     Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.     Failed to adequately maintain tracks signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.     Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.     Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.     Failed to slow the train pursuant to warnings on a track signal;

i.     Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.     Operated a passenger train at a rate of speed that was greater than was reasonable;

k.     Operated the train without keeping a safe and proper lookout; and

l.     Was otherwise negligent.

**ANSWER:**    Defendant denies the allegations of this paragraph.

93.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, AMTRAK, the Plaintiff, DAVID TAYLOR, sustained injuries of a personal and pecuniary nature.

**ANSWER:**    Defendant denies the allegations of this paragraph.

WHEREFORE, Defendant, NORFOLK SOUTHERN, prays for the entry of an Order dismissing Plaintiffs' Complaint with prejudice inasmuch as plaintiffs are entitled to no recovery

from this defendant.

## COUNT XVI – DAVID TAYLOR – LOUIS T. BURKE, III

94.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

**ANSWER:**    Defendant reasserts and re-alleges, as if fully set forth here in Count XViII, incorrectly numbered as Count XVI, the Answers to Paragraphs 1 through 12.

95.    On November 30, 2007, Plaintiff, DAVID TAYLOR, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

**ANSWER:**    Admitted.

96.    On November 30, 2007, Defendant AMTRAK, through its duty authorized agents and employees, including Defendant, BURKE, was a common carrier and owed Plaintiff, DAVID TAYLOR the highest duty of care.

**ANSWER:**    Defendant admits that Amtrak was a common carrier but admits only to those duties imposed by law and denies the allegations of this paragraph as legal conclusions of the pleader.

97.    On November 30, 2007, at approximately 11:32 a.m., Defendant, BURKE, was negligent in one or more of the following ways:

a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight

-39-

trains;

c.   Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard  at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.   Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard  at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.   Failed to adequately maintain tracks signals located within the freight yard  at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.   Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.   Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.   Failed to slow the train pursuant to warnings on a track signal;

i.   Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.   Operated a passenger train at a rate of speed that was greater than was reasonable;

k.   Operated the train without keeping a safe and proper lookout; and

l.   Was otherwise negligent.

**ANSWER:**    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, can neither admit nor deny same.

98.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, BURKE, the Plaintiff, DAVID TAYLOR, sustained injuries of a personal and pecuniary nature.

**ANSWER:**    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, can neither admit nor deny same.

WHEREFORE, Defendant, NORFOLK SOUTHERN, prays for the entry of an Order dismissing Plaintiffs' Complaint with prejudice inasmuch as plaintiffs are entitled to no recovery from this defendant.

## COUNT XVII – DAVID TAYLOR – LYNN HALBERSTADT

99.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

**ANSWER:**    Defendant reasserts and re-alleges, as if fully set forth here in Count XIX, incorrectly numbered as Count XVII, the Answers to Paragraphs 1 through 12.

100.    On November 30, 2007, Plaintiff, DAVID TAYLOR, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

**ANSWER:**    Admitted.

101.    On November 30, 2007, Defendant AMTRAK, through its duty authorized agents and employees, including Defendant, HALBERSTADT, was a common carrier and owed Plaintiff, DAVID TAYLOR the highest duty of care.

**ANSWER:**    Defendant admits that Amtrak was a common carrier but admits only to those duties imposed by law and denies the allegations of this paragraph as legal conclusions of the pleader.

102.    On November 30, 2007, at approximately 11:32 a.m., Defendant,

-41-

HALBERSTADT, was negligent in one or more of the following ways:

a.  Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.  Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.  Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.  Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.  Failed to adequately maintain tracks signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.  Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.  Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.  Failed to slow the train pursuant to warnings on a track signal;

i.  Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.  Operated a passenger train at a rate of speed that was greater than was reasonable;

k.  Operated the train without keeping a safe and proper lookout; and

l.  Was otherwise negligent.

**ANSWER:**   Defendant lacks sufficient knowledge or information to form a belief as to

the truth of the allegations contained in this paragraph and accordingly, can neither admit nor

deny same.

103.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, HALBERSTADT, the Plaintiff, DAVID TAYLOR, sustained injuries of a personal and pecuniary nature.

**ANSWER:**    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, can neither admit nor deny same.

WHEREFORE, Defendant, NORFOLK SOUTHERN, prays for the entry of an Order dismissing Plaintiffs' Complaint with prejudice inasmuch as plaintiffs are entitled to no recovery from this defendant.

## COUNT XVIII – DAVID TAYLOR – NORFOLK SOUTHERN RAILWAY COMPANY

104.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

**ANSWER:**    Defendant reasserts and re-alleges, as if fully set forth here in Count XX, incorrectly numbered as Count XVIII, the Answers to Paragraphs 1 through 12.

105.    On November 30, 2007, Defendant, NORFOLK, through its agents and/or employees, owed Plaintiff, DAVID TAYLOR, a duty to exercise reasonable care.

**ANSWER:**    Defendant admits only that it owed those duties imposed by law.

106.    On November 30, 2007, at approximately 11:32 a.m., Defendant NORFOLK, through its duly authorized agents and employees, was negligent in one or more of the following ways:

a.    Failed to maintain adequate communication between the train engineer and

railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.     Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.     Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.     Failed to adequately maintain tracks signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.     Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

f.     Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

g.     Negligently stopped its freight train within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois; and

h.     Was otherwise negligent.

**ANSWER:**   Defendant denies the allegations of this paragraph.

107.   As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, NORFOLK, the Plaintiff DAVID TAYLOR, sustained injuries of a personal and pecuniary nature.

**ANSWER:**   Defendant denies the allegations of this paragraph.

WHEREFORE, Defendant, NORFOLK SOUTHERN, prays for the entry of an Order dismissing Plaintiffs' Complaint with prejudice inasmuch as plaintiffs are entitled to no recovery from this defendant.

COUNT XIX
LINDA STICKNEY-TAYLOR
NATIONAL RAILROAD PASSENGER CORPORATION

108.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

**ANSWER:**    Defendant reasserts and re-alleges, as if fully set forth here in Count XXI, incorrectly numbered as Count XIX, the Answers to Paragraphs 1 through 12.

109.    On November 30, 2007, Plaintiff, LINDA STICKNEY-TAYLOR, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

**ANSWER:**    Admitted.

110.    On November 30, 2007, Defendant AMTRAK, through its duty authorized agents and employees, was a common carrier and owed Plaintiff, LINDA STICKNEY-TAYLOR the highest duty of care.

**ANSWER:**    Defendant admits that Amtrak was a common carrier but admits only to those duties imposed by law and denies the allegations of this paragraph as legal conclusions of the pleader.

111.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK, through its duly authorized agents and employees, was negligent in one or more of the following ways:

a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight

-45-

trains;

c. Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d. Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e. Failed to adequately maintain tracks signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f. Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g. Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h. Failed to slow the train pursuant to warnings on a track signal;

i. Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j. Operated a passenger train at a rate of speed that was greater than was reasonable;

k. Operated the train without keeping a safe and proper lookout; and

l. Was otherwise negligent.

**ANSWER:** Defendant denies the allegations of this paragraph.

112. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, AMTRAK, the Plaintiff, LINDA STICKNEY-TAYLOR, sustained injuries of a personal and pecuniary nature.

**ANSWER:** Defendant denies the allegations of this paragraph.

WHEREFORE, Defendant, NORFOLK SOUTHERN, prays for the entry of an Order

dismissing Plaintiffs' Complaint with prejudice inasmuch as plaintiffs are entitled to no recovery from this defendant.

## COUNT XX
## LINDA STICKNEY-TAYLOR – NORFOLK SOUTHERN RAILWAY COMPANY

113.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

**ANSWER:**    Defendant reasserts and re-alleges, as if fully set forth here in Count XXII, incorrectly numbered as Count XX, the Answers to Paragraphs 1 through 12.

114.    On November 30, 2007, Defendant, NORFOLK, through its agents and/or employees, owed Plaintiff, LINDA STICKNEY-TAYLOR, a duty to exercise reasonable care.

**ANSWER:**    Defendant admits only that it owed those duties imposed by law.

115.    On November 30, 2007, at approximately 11:32 a.m., Defendant NORFOLK, through its duly authorized agents and employees, was negligent in one or more of the following ways:

a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.    Failed to adequately maintain tracks signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

-47-

e.      Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

f.      Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

g.      Negligently stopped its freight train within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois; and

h.      Was otherwise negligent.

**ANSWER:**    Defendant denies the allegations of this paragraph.

116.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, NORFOLK, the Plaintiff LINDA STICKNEY-TAYLOR, sustained injuries of a personal and pecuniary nature.

**ANSWER:**    Defendant denies the allegations of this paragraph.

WHEREFORE, Defendant, NORFOLK SOUTHERN, prays for the entry of an Order dismissing Plaintiffs' Complaint with prejudice inasmuch as plaintiffs are entitled to no recovery from this defendant.

**COUNT XXI**
**DIANE KALUSNIAK – NATIONAL RAILROAD PASSENGER CORPORATION**

117.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

**ANSWER:**    Defendant reasserts and re-alleges, as if fully set forth here in Count XXIII, incorrectly numbered as Count XXI, the Answers to Paragraphs 1 through 12.

118.    On November 30, 2007, Plaintiff, DIANE KALUSNIAK, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

-48-

**ANSWER:**    Admitted.

119.    On November 30, 2007, Defendant AMTRAK, through its duty authorized agents and employees, was a common carrier and owed Plaintiff, DIANE KALUSNIAK the highest duty of care.

**ANSWER:**    Defendant admits that Amtrak was a common carrier but admits only to those duties imposed by law and denies the allegations of this paragraph as legal conclusions of the pleader.

120.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK, through its duly authorized agents and employees, was negligent in one or more of the following ways:

    a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

    b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

    c.    Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    d.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    e.    Failed to adequately maintain tracks signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    f.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.      Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.      Failed to slow the train pursuant to warnings on a track signal;

i.      Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.      Operated a passenger train at a rate of speed that was greater than was reasonable;

k.      Operated the train without keeping a safe and proper lookout; and

l.      Was otherwise negligent.

**ANSWER:**    Defendant denies the allegations of this paragraph.

121.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, AMTRAK, the Plaintiff, DIANE KALUSNIAK, sustained injuries of a personal and pecuniary nature.

**ANSWER:**    Defendant denies the allegations of this paragraph.

WHEREFORE, Defendant, NORFOLK SOUTHERN, prays for the entry of an Order dismissing Plaintiffs' Complaint with prejudice inasmuch as plaintiffs are entitled to no recovery from this defendant.

## COUNT XXII – DIANE KALUSNIAK – LOUIS T. BURKE, III

122.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

**ANSWER:**    Defendant reasserts and re-alleges, as if fully set forth here in Count XXIV, incorrectly numbered as Count XXII, the Answers to Paragraphs 1 through 12.

123.    On November 30, 2007, Plaintiff, DIANE KALUSNIAK, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand

Rapids, Michigan.

**ANSWER:**    Admitted.

124.    On November 30, 2007, Defendant AMTRAK, through its duty authorized agents

and employees, including Defendant, BURKE, was a common carrier and owed Plaintiff,

DIANE KALUSNIAK the highest duty of care.

**ANSWER:**    Defendant admits that Amtrak was a common carrier but admits only to

those duties imposed by law and denies the allegations of this paragraph as legal conclusions of

the pleader.

125.    On November 30, 2007, at approximately 11:32 a.m., Defendant, BURKE, was

negligent in one or more of the following ways:

a.    Failed to maintain adequate communication between the train engineer and
     railroad dispatchers, which would inform the engineer of the need to slow and
     stop the train;

b.    Failed to adequately and safely coordinate the use of the railroad tracks located
     within the freight yard at or near 52nd Street and South Shields Avenue, City of
     Chicago, County of Cook, State of Illinois between both passenger and freight
     trains;

c.    Failed to slow down its train at the aforesaid point when it knew or should have
     known that on prior occasions freight trains had been stopped on railroad tracks
     located within the freight yard at or near 52nd Street and South Shields Avenue,
     City of Chicago, County of Cook, State of Illinois;

d.    Failed to maintain its railroad tracks in a reasonably safe condition within the
     freight yard at or near 52nd Street and South Shields Avenue, City of Chicago,
     County of Cook, State of Illinois;

e.    Failed to adequately maintain tracks signals located within the freight yard at or
     near 52nd Street and South Shields Avenue, City of Chicago, County of Cook,
     State of Illinois;

f.    Failed to adequately train and educate its train engineers and operators regarding

safe operation of its trains;

g.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.    Failed to slow the train pursuant to warnings on a track signal;

i.    Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.    Operated a passenger train at a rate of speed that was greater than was reasonable;

k.    Operated the train without keeping a safe and proper lookout; and

l.    Was otherwise negligent.

**ANSWER:**    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, can neither admit nor deny same.

126.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, BURKE, the Plaintiff, DIANE KALUSNIAK, sustained injuries of a personal and pecuniary nature.

**ANSWER:**    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, can neither admit nor deny same.

WHEREFORE, Defendant, NORFOLK SOUTHERN, prays for the entry of an Order dismissing Plaintiffs' Complaint with prejudice inasmuch as plaintiffs are entitled to no recovery from this defendant.

## COUNT XXIII – DIANE KALUSNIAK – LYNN HALBERSTADT

127.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of

Paragraphs 1 through 12.

**ANSWER:**    Defendant reasserts and re-alleges, as if fully set forth here in Count XXV,

incorrectly numbered as Count XXIII, the Answers to Paragraphs 1 through 12.

128.    On November 30, 2007, Plaintiff, DIANE KALUSNIAK, was a paying passenger

and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand

Rapids, Michigan.

**ANSWER:**    Admitted.

129.    On November 30, 2007, Defendant AMTRAK, through its duty authorized agents

and employees, including Defendant, HALBERSTADT, was a common carrier and owed

Plaintiff, DIANE KALUSNIAK the highest duty of care.

**ANSWER:**    Defendant admits that Amtrak was a common carrier but admits only to

those duties imposed by law and denies the allegations of this paragraph as legal conclusions of

the pleader.

130.    On November 30, 2007, at approximately 11:32 a.m., Defendant,

HALBERSTADT, was negligent in one or more of the following ways:

a.    Failed to maintain adequate communication between the train engineer and
railroad dispatchers, which would inform the engineer of the need to slow and
stop the train;

b.    Failed to adequately and safely coordinate the use of the railroad tracks located
within the freight yard at or near 52nd Street and South Shields Avenue, City of
Chicago, County of Cook, State of Illinois between both passenger and freight
trains;

c.    Failed to slow down its train at the aforesaid point when it knew or should have
known that on prior occasions freight trains had been stopped on railroad tracks
located within the freight yard at or near 52nd Street and South Shields Avenue,
City of Chicago, County of Cook, State of Illinois;

-53-

d.   Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.   Failed to adequately maintain tracks signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.   Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.   Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.   Failed to slow the train pursuant to warnings on a track signal;

i.   Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.   Operated a passenger train at a rate of speed that was greater than was reasonable;

k.   Operated the train without keeping a safe and proper lookout; and

l.   Was otherwise negligent.

**ANSWER:**   Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, can neither admit nor deny same.

131.   As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, HALBERSTADT, the Plaintiff, DIANE KALUSNIAK, sustained injuries of a personal and pecuniary nature.

**ANSWER:**   Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, can neither admit nor deny same.

WHEREFORE, Defendant, NORFOLK SOUTHERN, prays for the entry of an Order

dismissing Plaintiffs' Complaint with prejudice inasmuch as plaintiffs are entitled to no recovery from this defendant.

**COUNT XXIV**
**DIANE KALUSNIAK – NORFOLK SOUTHERN RAILWAY COMPANY**

132.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

**ANSWER:**    Defendant reasserts and re-alleges, as if fully set forth here in Count XXVI, incorrectly numbered as Count XXIV, the Answers to Paragraphs 1 through 12.

133.    On November 30, 2007, Defendant, NORFOLK, through its agents and/or employees, owed Plaintiff, DIANE KALUSNIAK, a duty to exercise reasonable care.

**ANSWER:**    Defendant admits only that it owed those duties imposed by law.

134.    On November 30, 2007, at approximately 11:32 a.m., Defendant NORFOLK, through its duly authorized agents and employees, was negligent in one or more of the following ways:

   a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

   b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

   c.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

   d.    Failed to adequately maintain tracks signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

   e.    Failed to adequately train and educate its train engineers and operators regarding

safe operation of its trains;

f.  Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

g.  Negligently stopped its freight train within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois; and

h.  Was otherwise negligent.

**ANSWER:**    Defendant denies the allegations of this paragraph.

135.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, NORFOLK, the Plaintiff DIANE KALUSNIAK, sustained injuries of a personal and pecuniary nature.

**ANSWER:**    Defendant denies the allegations of this paragraph.

WHEREFORE, Defendant, NORFOLK SOUTHERN, prays for the entry of an Order dismissing Plaintiffs' Complaint with prejudice inasmuch as plaintiffs are entitled to no recovery from this defendant.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38 Plaintiffs request that their claims in this action be decided by a jury.

## FIRST AFFIRMATIVE DEFENSE

Further answering Plaintiffs' Complaint but without waiver of the denials contained therein, Defendant states that the allegations of negligence are pre-empted by the Federal Railroad Safety Act of 1970, 49 U.S.C. §§20101, *et seq.*, 49 U.S.C. §§20301, *et seq.*, 49 U.S.C. §§20701, *et seq.*, and regulations promulgated therein.

## SECOND AFFIRMATIVE DEFENSE

Further answering Plaintiffs' Complaint but without waiver of the denials contained

therein, Defendant states that plaintiffs have failed to mitigate their own damages as required by

law.

NORFOLK SOUTHERN RAILWAY COMPANY


By: _____
    One of its attorneys

Susan K. Laing
Joseph L. Nelson
Anderson, Rasor & Partners, LLP
55 East Monroe, Suite 3650
Chicago, Illinois 60603
(312) 673-7813 (S.K.Laing)
susan.laing@arandpartners.com

## CERTIFICATE OF SERVICE

I, the undersigned, a non-attorney, being first duly sworn on oath, deposes and states that she served the foregoing **DEFENDANT NORFOLK SOUTHERN RAILWAY COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AT LAW** to:

Robert A. Clifford
Sean P. Driscoll
Clifford Law Offices, P.C.
120 North LaSalle Street - 31st Floor
Chicago, Illinois 60602
(312) 899-9090

by mailing a true copy thereof in a first class, postage prepaid envelope addressed to counsel as listed below by depositing said envelope in the U.S. Mail chute located at 55 E. Monroe Street, Suite 3650, Chicago, Illinois, before the hour of 5:00 p.m. on May 14, 2008.

Subscribed and Sworn To
Before Me this__14th_____
Day of___May_____, 2008

_____
Notary Public

> "OFFICIAL SEAL"
> CAROL D. CARSON
> Notary Public, State of Illinois
> My Commission Expires 2/2/11

Anderson, Rasor & Partners, LLP
55 E. Monroe Street
Suite 3650
Chicago, IL 60603
(312)673-7800