IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRIS DEULEN; JULIE DEULEN; GAIL WILCINSKI; ANNETTE SCHRAG; DAVID TAYLOR; LINDA STICKNEY-TAYLOR; and DIANE KALUSNIAK<br>   Plaintiffs,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK and NORFOLK SOUTHERN RAILWAY COMPANY, a corporation, LOUIS T. BURKE, III; and LYNN HALBERSTADT,<br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 08 C 1385<br>Judge Rebecca Pallmeyer |

**MOTION FOR A QUALIFIED PROTECTIVE ORDER**

Now Come Defendants **NATIONAL RAILROAD PASSENGER CORPORATION and NORFOLK SOUTHERN RAILWAY COMPANY,** by their attorneys, **ANDERSON, RASOR & PARTNERS, LLP,** pursuant to 42 U.S.C. §1320d and 45 CFR Parts 160 and 164 (HIPAA) and requests that this court enter a qualified protective order, stating as follows:

i. Plaintiffs have filed a case alleging that the Defendants negligently caused the Plaintiffs' injuries.

ii. The treating physicians, hospitals and other health care providers disclosed by plaintiff in this case, are all "covered entities" as defined by 45 CFR 160.103. HIPAA prohibits covered entities from disclosing protected health information in judicial proceedings other than by authorization or qualified protective order. 45 CFR § 164.512(e)

iii. These covered entities are all in possession of "protected health information" ("PHI") as defined by 45 CFR 160.103 and 160.501, in the form of medical records (imaging, test results, insurance documents, notes, orders, labs, correspondence, pathology, etc)

pertaining to **Chris Duelen, Julie Deulen, Gail Wilcinski, Annette Schrag, David R. Taylor, Linda Stickney-Taylor, and Diane Kalusniak.**

iv.  Both the prosecution and defense of this case will require that the parties, their attorneys, their attorneys' agents, consultants and various witnesses and other personnel receive and review copies of the PHI pertaining to **Chris Duelen, Julie Deulen, Gail Wilcinski, Annette Schrag, David R. Taylor, Linda Stickney-Taylor, and Diane Kalusniak** which is in the treating providers' possession.

WHEREFORE, Defendants, **National Railroad Passenger Corporation and Norfolk Southern Railway Company** respectfully request that this Court enter the proposed order permitting the use and disclosure of PHI created or received by any covered entity who has provided health care to **Chris Duelen, Julie Deulen, Gail Wilcinski, Annette Schrag, David R. Taylor, Linda Stickney-Taylor, and Diane Kalusniak** for any purpose connected with the pending litigation.

Respectfully submitted,

ANDERSON, RASOR & PARTNERS, LLP

_____

Attorneys for Defendants National Railroad Passenger Corporation and Norfolk Southern Railway Company

Susan K. Laing
Anderson, Rasor & Partners, LLP
55 E. Monroe Street, Suite 3650
Chicago, IL 60603
312-673-7813 (S.K.Laing)
susan.laing@arandpartners.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRIS DEULEN; JULIE DEULEN; GAIL WILCINSKI; ANNETTE SCHRAG; DAVID TAYLOR; LINDA STICKNEY-TAYLOR; and DIANE KALUSNIAK<br>　　　Plaintiffs,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK and NORFOLK SOUTHERN RAILWAY COMPANY, a corporation, LOUIS T. BURKE, III; and LYNN HALBERSTADT,<br>　　　Defendants. | 08 C 1385<br>Judge Rebecca Pallmeyer |

## ORDER PURSUANT TO HIPAA

This matter having come to be heard on the Motion of Defendants National Railroad Passenger Corporation and Norfolk Southern Railway Company for the Entry of a Qualified Protective Order, due notice hereof having been given, and the Court being fully advised in the premises:

IT IS HEREBY ORDERED as follows:

(1) The current parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned matter are hereby authorized to receive, subpoena, and transmit "protected health information" (also referred to herein as "PHI") pertaining to **Chris Duelen, Julie Deulen, Gail Wilcinski, Annette Schrag, David R. Taylor, Linda Stickney-Taylor, and Diane Kalusniak** to the extent and subject to the conditions outlined herein.

(2) For the purposes of this Qualified Protective Order, "PHI" or "protected health information" shall have the same scope and definition as set forth in 45 CFR 160.103 and 160.501. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present or future physical condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

(3) All "covered entities" (as defined by 45 CFR 160.103) are hereby authorized to disclose PHI pertaining to **Chris Duelen, Julie Deulen, Gail Wilcinski, Annette Schrag, David R. Taylor, Linda Stickney-Taylor, and Diane Kalusniak** to all attorneys now of record in this matter or who may become of record in the future of this litigation.

(4) The parties and their attorneys shall be permitted to use the PHI of **Chris Duelen, Julie Deulen, Gail Wilcinski, Annette Schrag, David R. Taylor, Linda Stickney-Taylor, and Diane Kalusniak** in any manner that is reasonably connected with the above-captioned litigation. This includes, but is not limited to, disclosure to the parties, their attorneys of record, the attorneys' firms (i.e., attorneys, support staff, agents, and consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process.

(5) At the conclusion of the litigation (which shall be defined as the point at which final orders disposing of the entire case have been entered, or the time at which all trial and appellate proceedings have been exhausted), any person or entity in possession of PHI pertaining to **Chris Duelen, Julie Deulen, Gail Wilcinski, Annette Schrag, David R. Taylor, Linda Stickney-Taylor, and Diane Kalusniak** (other than the person or entity that generated the PHI) shall destroy any and all copies of said PHI in their possession.

(6) This order shall not control or limit the use of protected health information pertaining to **Chris Duelen, Julie Deulen, Gail Wilcinski, Annette Schrag, David R. Taylor, Linda Stickney-Taylor, and Diane Kalusniak** that comes into the possession of any party or any party's attorney from a source other than a "covered entity", (as that term is defined in 45 CFR 160.103).

vii. Nothing in this order authorizes defense counsel to obtain medical records or information through means other than formal discovery requests, subpoena, depositions, pursuant to a patient authorization or through attorney-client communications. Likewise, nothing in this order relieves any party from complying with the requirements of the Illinois Mental Health and Developmental Disabilities Confidentiality Act, the Aids Confidentiality Act or state and federal law that protects certain drug and alcohol records (20 ILCS 301/30-5, 42 USC 290dd-3 and 290ee-3, and 42 CFR Part 2).

Name : Anderson, Rasor & Partners, LLP
Attorney for: Defendant                           _____, 2008
Address 55 E. Monroe Street                              **ENTER**
City Chicago
Telephone 312-673-7800                          _____
                                                Judge Rebecca Pallmeyer

## PROOF OF SERVICE BY MAIL

I, Catherine M. Tervanis, a non-attorney, certify I served this Motion for a Qualified Protective Order by mailing a copy to the above-named at the above-listed address and depositing the same in the U.S. mail at 55 E. Monroe, Chicago, IL before 5:00 p.m. on May __14__, 2008.

Subscribed to and sworn to before me this
__14th__ day of May, 2008

_____
Notary Public

Anderson, Rasor & Partners, LLP
55 E. Monroe Street
Suite 3650
Chicago, IL 60603
(312)673-7813 (S.K. Laing)

"OFFICIAL SEAL"
PATRICIA A. GUNIA
Notary Public, State of Illinois
My Commission Expires 06/13/11